UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEFFERY JOHNSON                                                                      Plaintiff

v.                                                    Civil Action No. 3:21-CV-P742-RGJ

SGT. EVANS, *et al.*                                                              Defendants

\* \* \* \* \*

## ORDER

This matter is before the Court on various motions, primarily related to discovery matters, filed by *pro se* Plaintiff Jeffery Johnson and Defendants Boles, Ellis, Evans, Goulding, Kiester, Dana Penniger, West, and Young, by counsel.

Plaintiff filed a Motion to Compel Defendants to Answer Interrogatory Questions and Admissions[1] [DE 39] and a "Motion for Suffancy of Answers" to "Interrogatories and Admission Questions," which the Court construes as a Motion to Compel [DE 103]; Motions for the Clerk to Issue Subpoenas[2] for camera/video footage and/or daily log books [DEs 46, 51, 52, 65, 66, and 80]; Motions for Extension of Time seeking extension of the scheduling order and discovery deadlines [DEs 67, 70, 113, and 114]; Motions to Hold Defendants in Contempt and Motions for Sanctions and Default Judgment against them for their failure to respond to discovery requests or otherwise engage in discovery.  [DEs 47, 55, 69, 113, and 114].

---

[1] Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.*  Plaintiff's Motion does not contain this certification.

[2] Plaintiff directs the subpoenas to the Justice & Public Safety Cabinet, Kentucky State Reformatory Records Custodian, and/or Counsel for Defendants.  As guidance, the Court instructs that Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to compel a *non-party* to produce evidence.  The proper way to seek documents or other records from another party is through requests for production of documents served on the other party or his/her counsel pursuant to Fed. R. Civ. P. 34.

Defendants filed a Motion for Summary Judgment and a Motion to Amend/Correct the Motion for Summary Judgment.[3]  [DEs 96 and 97].  Plaintiff thereafter filed two Motions for Extension of the discovery deadline [DEs 113 and 114].  In responses to those Motions, Defendants advise that "Defendants' Counsel has attempted to and is still engaged in gathering responses and documentation from the named Defendants," noting that several Defendants are no longer employed by the Department of Corrections which has presented difficulties in reaching and communicating with them.  [DEs 115 and 116].

Based on the foregoing discovery motions and other filings, it is clear that discovery related to the original Complaint is not complete.  Further, by separate Memorandum and Order, the Court has allowed claims in the Amended Complaint to continue against Defendants listed above and against other Defendants.  For these reasons, the Court will deny the foregoing Motions without prejudice to refiling consistent with new scheduling deadlines.  After the newly named Defendants have filed their answer, the Court will enter a Revised Scheduling Order setting new deadlines to govern this action.

As a final matter, Defendants also filed a Motion to Enjoin Plaintiff from Filing Further Pleadings Without Leave of Court.  [DE 86].  Plaintiff filed a Motion to Quash in response. [DE 95].  At this point in the proceeding a party must obtain leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(1)-(2) ("A party may amend its pleading once as a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").  Because Plaintiff must already obtain leave of Court under the Federal Rules

---

[3] Although the matter to be amended/corrected is not specified, review of both Motions reveals that the second Motion for Summary Judgment [DE 97] contains the proper heading for this case.

2

of Civil Procedure to file further pleadings, Defendants' Motion to Enjoin will be denied, and

Plaintiff's Motion to Quash will be denied as moot.

## CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

1)       Plaintiff's Motions to Compel [DEs 39 and 103] are **DENIED without prejudice**.

2)       Plaintiff's Motions for the Clerk to Issue Subpoenas [DEs 46, 51, 52, 65, 66, and 80] are **DENIED without prejudice**.

3)       Plaintiff's Motions for Extension of Time [DEs 67, 70, 113, and 114] are **DENIED without prejudice**.

4)       Plaintiff's Motions to Hold Defendants in Contempt, for Sanctions, and for Default Judgment [DEs 47, 55, 69, 113, and 114] are **DENIED without prejudice**.

5)       Defendants' Motion for Summary Judgment and Motion to Amend/Correct [DEs 96 and 97] are **DENIED without prejudice**.

6)       Defendants' Motion to Enjoin [DE 86] is **DENIED**, and Plaintiff's Motion to Quash [DE 95] the Motion to Enjoin is **DENIED as moot**.

Date:  March 30, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc:      Plaintiff, *pro se*
          Counsel of Record
A961.005